Thomasson *v.* White.

H. B. THOMASSON *v.* JAS. WHITE *et al.*

1. FORCIBLE ENTRY AND DETAINER. *Issue involved in.* The action of forcible entry and detainer involves the possession and not the title.

2. SAME. *Lawfulness of possession. What evidence of.* A writ of possession in favor of defendant from a court of competent jurisdiction is competent evidence of the lawfulness of his possession, without producing the whole record; but the return of the officer is not conclusive, and may be rebutted by proper testimony.

3. SAME. *Writ of possession Who embraced in.* Such a writ does not embrace one not specially named therein, who, being in possession when the suit in which the writ issued was brought, was not made party thereto; but the presumption in the absence of proof to the contrary is that he occupied the land *pendente lite,* in which case he was a proper subject for removal under the writ.

Case cited: Wallen *v.* Huff, 3 Sneed, 82.

FROM GREENE.

From the Circuit Court at Greeneville.

No record to be found.

NICHOLSON, C. J., delivered the opinion of the court.

Thomason sued White in forcible entry and detainer before three justices of the peace of Greene county, and upon failing to obtain a judgment he appealed to the Circuit Court of Greene county. He was unsuccessful in the Circuit Court, and has appealed to this court.

Plaintiff relies upon two alleged errors for reversal.

1. On the trial the defendant offered to read an

authenticated copy of a writ of possession, issued by the Chancery Court, ordering the sheriff to put defendant in possession of the land in controversy, and to "remove Green Baxter and Samuel H. Baxter, and all other persons from said tract," together with the return of the sheriff in these words: "executed as within commanded."

The reading of the paper was objected to by plaintiff because the entire record of the case did not accompany the writ of possession. The objection was overruled, and the writ and return thereon were read as evidence.

There was no error in this. The question before the court was whether defendant was legally in possession—not whether he had good title to the land. The writ of possession, with the return on it by the sheriff that he had put the defendant in possession, was competent evidence as to the legality of his possession.

The writ shows on its face that it was issued by a court having jurisdiction to issue such writ, and the return shows that it was executed as commanded. This was sufficient to show that the sheriff had authority to put the defendant in possession, and, hence, that his possession was lawful.

2. But it is insisted that the evidence does not support the verdict of the jury. The plaintiff proved that he had been in possession of the land from three to five years when plaintiff came into possession. It appears from the writ of possession that plaintiff is not named as one of the defendants to the suit in

which the writ issued, nor one of the parties specifically named to be removed from the land. It does not appear whether plaintiff was in possession of the land before the Chancery suit commenced, or whether he went upon it during the pendency of the same. If he was in possession before the suit commenced, the writ of possession was improperly issued as to his removal; if he went upon the land *pendente lite,* then he was properly embraced as subject to removal: *Wallen* v. *Huff,* 3 Sneed, 84.

It is not to be presumed that the order for putting defendant in possession of the land was intended to direct the removal therefrom of plaintiff unless he had subjected himself to such order by taking possession during the pendency of the suit. But the question of fact submitted to the jury was, whether the sheriff did put defendant in possession by virtue of the writ? His return is not conclusive on this matter, but is subject to be rebutted. The evidence is that when the sheriff came to put plaintiff out of possession, he was angry and refused to go, when the sheriff asked him if he would require him to call in his neighbors and put him out. At this plaintiff quieted down, and defendant told him his tools might remain in the shop which was on the premises. The last that plaintiff said to defendant was, "you first have to take possession of this land."

This evidence may very well have been understood by the jury as an acknowledgment by plaintiff that he yielded the possession to defendant without any resort to a forcible eviction, and that afterwards he

remained in possession, not adversely, but in subordination to defendants right of possession. In this view of the evidence the fact that plaintiff continued to occupy the land for several months could not be made the basis for maintaining the present action, as the taking posssession by defendant, in this view, would not be forcible or unlawful.

We are, therefore, of opinion that there is not such deficiency of evidence to support the verdict as would authorise us to set it aside.

The judgment is affirmed.